IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 10-70-2 |
| v. | : | |
| | : | CIVIL ACTION |
| NATHANIEL WILLIAMS | : | NO. 16-3471 |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                        **March 11, 2024**

      In a motion filed on June 21, 2016 pursuant to 28 U.S.C. § 2255, Nathaniel Williams seeks to vacate, set aside, and correct his conviction and sentence for carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).  Williams asserts the predicate offense for his § 924(c) conviction (Hobbs Act robbery) no longer qualifies as a crime of violence following the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019).  Because the Third Circuit recently rejected this argument and held, in *United States v. Stoney*, 62 F. 4th 108 (3d Cir. 2023), that completed Hobbs Act robbery **is** a crime of violence, Williams' motion will be denied.

**FACTUAL BACKGROUND**

      On February 4, 2010, Williams was charged in an indictment with conspiracy to commit and commission of Hobbs Act robbery in violation of 18 U.S.C. § 1951, using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).  He was also charged and convicted of aiding and abetting liability.  These charges arose out of Williams' participation in planning and robbing a jewelry store in Philadelphia with a co-defendant on June 4, 2009 in which nine luxury watches valued at $216,800 were taken.  Williams was tried and, on August 30, 2010, convicted by a jury, on all charges.  Following denial of Williams' post-trial motion for judgment

1

of acquittal or a new trial, he was sentenced on December 16, 2010 to 84 months' imprisonment on the conspiracy and Hobbs Act robbery charges, to be followed by the mandated consecutive term of 84 months on the § 924(c)(1) offense, and 5 years of supervised release. Williams was also ordered to pay restitution in the amount of $133,429.49. He appealed but his conviction and sentence were upheld by the Third Circuit on September 30, 2011.

Following *Johnson*, the Federal Community Defender Office was appointed to represent Williams and it filed this § 2255 motion on his behalf. In *Johnson*, the Supreme Court found the "residual clause" in the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924)(e)(2)(B) was unconstitutionally vague, and therefore, imposing an enhanced sentence under that clause violated due process. *See Johnson*, 576 U.S. at 597, 606. Because the residual clause definition of "crime of violence" in § 924(c)(3)(B) was similarly worded, Williams contended that his predicate offense, Hobbs Act robbery, no longer qualified for the sentencing enhancement under the statute. Williams' argument became even more compelling following *Davis*, in which the Supreme Court held § 924(c)'s residual clause was also unconstitutionally vague.[1] 139 S. Ct. at 2336. Because the issue presented by Williams' motion was then under consideration by the

---

[1] In so holding, the Supreme Court in *Davis* followed *Johnson* and its later decision in *Sessions v. Dimaya*, 584 U.S. 148 (2018), in which it invalidated the general definition of the term "crime of violence" set forth in 18 U.S.C. § 16. The wording of § 16 also closely resembles that of § 924(c)(3)(B):

> The term "crime of violence" means—
>
> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

appellate courts, this Court stayed these proceedings on June 28, 2021.  Following *Stoney*, the stay is now properly lifted and the motion is ripe for adjudication.

**DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside or correct the sentence if it was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose the sentence, if it exceeded the maximum allowed by law, or if it "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Pursuant to § 2255(b), a district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief."  *United States v. Scripps*, 961 F.3d 626, 631-32 (3d Cir. 2020) (citation omitted).  In evaluating whether a hearing is necessary, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record."  *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).  While the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *United States v. Booth,* 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations" in the motion "may be disposed of without further investigation by the District Court."  *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).  Because it is clear from the record that Williams is not entitled to any relief, an evidentiary hearing is not necessary.

Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'"  *Davis*, 139 S. Ct. at 2324 (quoting § 924(c)(1)(A)).  A "crime of violence" is a felony offense that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

  (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.§ 924(c)(3).

  As noted, *Davis* made clear that to uphold a conviction and sentence under § 924(c)(1), the predicate crime must be a categorical "crime of violence" pursuant to the "elements" clause of § 924(c)(3)(A).  *See Stoney*, 62 F.4th at 111 n.2. ("[N]ow, only § 924(c)(3)(A), the 'elements clause' contemplates whether a felony offense qualifies as a crime of violence.").  *Stoney* considered the identical issue raised by Williams here: whether completed Hobbs Act robbery requires proof of "the use, attempted use, or threatened use of physical force," and is thus "categorically a crime of violence under § 924(c)(3)(A)," and held that it is.  62 F. 4th at 113-14 (quoting § 924(c)(3)(A)).  Thus, Williams' § 924(c) conviction and sentence remain valid and his motion shall be denied.  Additionally, in view of the unanimity of Circuit authority on this point, Williams cannot and has not shown reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong.  Accordingly, no certificate of appealability shall issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

  An appropriate Order follows.

                 BY THE COURT:

                 /s/  Juan R. Sánchez
                 _____
                 Juan R. Sánchez,  J.